**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RICARDO R. CASTILLEJOS,
                Appellant,

                v.

OFFICE OF PERSONNEL
        MANAGEMENT,
                Agency.

DOCKET NUMBER
SF-0831-21-0145-M-1

DATE: August 27, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rufus F. Nobles, I</u>, Zambales, Philippines, for the appellant.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed a decision by the Office of Personnel Management (OPM) denying the appellant's application for Civil Service Retirement System (CSRS) annuity benefits. For the reasons set forth below, the appellant's petition for review is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 As further detailed in the initial decision, the appellant has a complicated history of Board appeals in an effort to obtain CSRS benefits for periods of employment with the Department of the Navy in Subic Bay, Philippines between 1974 and 1992. He filed his first Board appeal in 2015, which an administrative judge consolidated with the appeals of others before dismissing because OPM rescinded its reconsideration decisions to issue new ones. *See Castillejos v. Office of Personnel Management*, MSPB Docket No. SF-0831-15-0293-I-1, Initial Appeal File, Tab 1; *Philippines Retirement Applicants v. Office of Personnel Management*, MSPB Docket No. SF-0831-15-0304-I-1, Initial Decision (May 5, 2015). The appellant filed a second appeal in 2016 because OPM had yet to issue its new reconsideration decision, but the administrative judge dismissed the appeal for lack of jurisdiction when OPM indicated that it would soon do so. *Castillejos v. Office of Personnel Management*, MSPB Docket No. SF-0831-16-0719-I-1, Initial Decision (Oct. 27, 2016).

¶3 In June 2017, OPM issued its decision denying the appellant's application for CSRS benefits for service between 1974 and 1986, and the appellant challenged this in his third Board appeal, but the administrative judge affirmed. *Castillejos v. Office of Personnel Management*, MSPB Docket No. SF-0831-17-0586-I-1 (*Castillejos III*), Initial Appeal File, Tab 5 at 6-7; *Castillejos III*, Initial Decision (Nov. 13, 2017). The appellant filed a petition for review, but the Board affirmed the administrative judge's decision. *Castillejos III*, Final Order (Sept. 12, 2022). Although the appellant attempted to further challenge the matter with the Federal Circuit, the court ultimately dismissed the challenge as untimely. *Castillejos v. Office of Personnel Management*, No. 2023-1207, 2023 WL 2808067 (Fed. Cir. Apr. 6, 2023).

¶4       Meanwhile, in December 2020, the appellant filed this, his fourth Board appeal. *Castillejos v. Office of Personnel Management*, MSPB Docket No. SF-0831-21-0145-I-1 (*Castillejos IV*), Initial Appeal File (IAF), Tab 1. With this appeal, he attached a different decision by OPM, dated February 2020, that once again indicated that the appellant was not entitled to CSRS benefits. *Id.* at 9-10. The administrative judge dismissed the instant appeal based on collateral estoppel. IAF, Tab 8, Initial Decision (ID) at 5-7. However, the appellant submitted a timely challenge to the Federal Circuit without first filing a petition for review with the Board, and the court remanded the case for further adjudication. *Castillejos v. Office of Personnel Management*, No. 2022-1036, 2022 WL 2092864 (Fed. Cir. June 10, 2022). The court determined that collateral estoppel was not appropriate at the time of its application by the administrative judge in *Castillejos IV* because *Castillejos III* was not yet final. *Id.* But the court also indicated that the instant appeal, *Castillejos IV*, includes a claim not addressed in *Castillo III*, i.e., the appellant's pursuit of CSRS benefits for his period of service between 1987 and 1992. *Id.*

¶5       On remand from the court, the administrative judge attempted to further develop the record, to which the agency responded but the appellant did not. *Castillejos v. Office of Personnel Management*, MSPB Docket No. SF-0831-21-0145-M-1, Remand File (RF), Tabs 5-6. The administrative judge then issued a remand initial decision affirming OPM's decision. RF, Tab 7, Remand Initial Decision (RID). She found that the appellant's entire career involved positions not covered by CSRS, including temporary or indefinite appointments in the excepted service and one permanent position in the excepted service subject to the Filipino Employees Personnel Instructions. RID at 8-11. Therefore, the administrative judge concluded that the appellant did not prove that he was entitled to the deferred CSRS annuity he sought. *Id.* This remand initial decision explained that it would become final on January 24, 2023, unless the appellant filed a petition for review by that date. RID at 12.

¶6 The appellant filed a petition for review that was dated January 10, 2023, but not postmarked until February 10, 2023. *Castillejos v. Office of Personnel Management*, MSPB Docket No. SF-0831-21-0145-M-1, Petition for Review (PFR) File, Tab 1. He subsequently filed another pleading, dated and postmarked February 13, 2023, stating that "[his] January 10, 2023 petition for review letter is hereby revised to edit the deadline for filing of my petition for review." PFR File, Tab 3 at 1. The accompanying page mirrors the first page of his petition for review, except that it is dated February 10, 2023, instead of January 10, 2023. *Id.* at 2.

¶7 The Clerk of the Board warned the appellant that his petition for review appeared untimely and provided instructions for establishing good cause. PFR File, Tab 2 at 1-2. When the appellant responded, he simply stated as follows: "I believed that my filing is timely filed, because it was filed after the 35 days grace period allowed, after the initial decision of the administrative judge has been final, by January 24, 2023, because it was postmarked February 10, 2023, as acknowledged." PFR File, Tab 7 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The Board will waive the filing deadline only upon a showing of good cause for the delay in filing. *E.g.*, *Alvarado v. Office of Personnel Management*, 113 M.S.P.R. 407, ¶ 4 (2010); *Garcia v. Office of Personnel Management*, 95 M.S.P.R. 597, ¶ 6 (2004); *Abiera v. Office of Personnel Management*, 90 M.S.P.R. 395, ¶ 4 (2001). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.

*Alvarado*, 113 M.S.P.R. 407, ¶ 4. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits, or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

¶9        In this case, the appellant is represented, and the original date on his petition suggests that he may have at least begun work on his petition in a timely manner, yet the petition is postmarked 18 days after the designated filing deadline. He has not presented any explanation for this untimeliness, aside from his reference to an unexplained "35 days grace period." PFR File, Tab 7 at 1. Accordingly, we find that the appellant has not established good cause for his untimeliness, and we therefore dismiss his petition for review. *See Garcia*, 95 M.S.P.R. 597, ¶ 7 (dismissing a petition for review that was untimely by 19 days when the appellant was represented and did not show that he exercised due diligence).

¶10        This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's challenge to OPM's February 2020 decision denying his application for CSRS benefits.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:        *Gina K. Grippando*
                          _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.